**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY)
COMMISSION,                  )
                             )
           Plaintiff,        )
                             )
v.                           )
                             )
A & R Truss Company          )
                             )
                             )
                             )
Defendants.                  )
_____  )

CASE NO

1 : 0 5 CV 0 5 4 7

HON

**Richard Alan Enslen**
**U.S. District Judge**

COMPLAINT AND JURY
TRIAL DEMAND

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to provide appropriate relief to Theodore Kilgore ("Kilgore") who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that A & R Truss Company ("Defendant") discriminated against Kilgore by subjecting him to a hostile work environment based on his race, African American.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(e) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and 42 U.S.C. 2000e-6(e) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District

of Michigan, Southern Division.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, A & R Truss Company, has continuously been an employer doing business in the State of Michigan and the City of New Buffalo and has continuously had at least 15 employees each.

5.      At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Theodore Kilgore filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least July, 2004, Defendant has engaged in unlawful employment practices at its New Buffalo, Michigan facility, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). Defendant's unlawful employment practices included repeatedly subjecting Kilgore to racially offensive epithets.

8.      Kilgore complained about the racially offensive conduct. Defendant responded to Kilgore's complaints with threats and intimidation.

9.      The effect of the conduct complained of in paragraphs 7 and 8 above has been to deprive Kilgore of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

10.    The unlawful employment practices complained of in paragraphs 7 and 8 above were and are intentional.

11.    As the result of the unlawful employment practices, Kilgore has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life.

12.    The unlawful employment practices complained of in paragraphs 7 and 8 above were and are done with malice or with reckless indifference to the federally protected rights of Kilgore.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race harassment and any other employment practice which discriminates on the basis of race.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all races, and which eradicate the effects of its past and present unlawful employment practices.

C.    ORDER Defendant Employer to provide training on Title VII of the Civil Rights Act of 1964, as amended, and its prohibitions against racial harassment  of its employees.

D.    Order Defendant Employer to make whole Kilgore by providing compensation for past non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above in amounts to be proven at trial.

E.    Order Defendant Employer to pay Kilgore punitive damages for its malicious or reckless conduct described in paragraphs 7 and 8 above, in amounts to be proven at trial.

F.    ORDER Defendant Employer to pay nominal damages.

G.    Grant such further relief as the Court deems necessary and proper in the public interest, including the institution of a race discrimination and harassment policy and complaint procedure, and mandatory race discrimination training for all Defendant's management employees.

I.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

DATED: August 4, 2005

ADELE RAPPORT (P44833)
Regional Attorney

ROBERT K. DAWKINS  (P38289)
Supervisory Trial Attorney

OMAR WEAVER (P58861)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT DISTRICT OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan  48226
Telephone: (313)226-3407